

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MARGIE CROSBY BENTON | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:09-00892-HFF-PJG |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| Defendant. | § | |

## ORDER

This case was filed as a Social Security action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 28, 2010, Plaintiff filed her objections to the Report on May 24, 2010, and Defendant filed a Reply to the objections on June 8, 2010. The Court will now consider each objection in turn.

First, Plaintiff contends that the decision of the Administrative Law Judge (ALJ) failed to address the Fourth Circuit common law treating physician rule and relied exclusively on the Commissioner's regulation and policy statement promulgated on August 1, 1991. However, the Commissioner's regulations, properly promulgated, supersede contrary precedent. *Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished). Hence, 20 C.F.R. § 404.1527 supersedes any prior Fourth Circuit's common law treating physician rule that is contrary to it. *Id.*

As part of her first objection, Plaintiff also contends that the Magistrate Judge's reasoning is inconsistent with the Commissioner's regulations, citing the preamble to the 1991 final rule, which states that "[a]ll things being equal, . . . we will always give greater weight to the treating source's opinion than to the opinions of nontreating sources even if the other opinions are also reasonable or even if the treating source's opinion is inconsistent with other substantial evidence of record." 56 Fed. Red. 36936. While emphasizing the preamble's promise to "always give greater weight to the treating source's opinion," Plaintiff ignores the condition placed on the preference: before the treating source's opinion is entitled to greater weight than the nontreating sources' opinions, all things must be equal. *Id.* Both regulations and case law provide multiple factors that contribute to the relative weight of treating and nontreating sources' opinions. The weight to be given to nontreating sources' opinions "depend[s] on the degree to which these opinions provide supporting explanations for their opinions . . . . [and] consider all of the pertinent evidence . . . including opinions of treating and other examining sources." 20 C.F.R. § 404.1527(d)(3). Similarly,

a treating source opinion is to be given more weight when it is supported by medical signs, laboratory findings, and explanations. 20 C.F.R. § 404.1527(d)(3). However, if the treating source opinion is issued after the ALJ renders his decision, it is less persuasive. *Wagner v. Apfel*, No. 98-2260, 1999 WL 1037573, at *3 (4th Cir. Nov. 16, 1999) (unpublished) (citation omitted). Furthermore, when "any . . . evidence . . . is inconsistent with other evidence or is internally inconsistent," it is the ALJ's responsibility to "weigh all of the evidence" and arrive at a determination of disability. 20 C.F.R. § 404.1527(c)(2). *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

Plaintiff correctly notes that neither of the nontreating medical opinions provided supporting explanations. In addition, the nontreating sources were unable to consider the opinion of the treating source, because it was not entered into the record until after the ALJ's decision. (Report 1, 7 & n.2.) Therefore, under the regulations, the nontreating sources' opinions must not be accorded great weight. 20 C.F.R. § 404.1527(d)(3). However, the treating source's opinion suffers from similar defects. It was not supported by treatment notes. (Report 7 n.2.) And it was issued after the ALJ rendered his decision. *Id.* Furthermore, the ALJ based his findings not only on medical evidence and opinions but also on the Plaintiff's testimony about her ability to perform household tasks, drive, attend church, shop, play Bingo, do crafts and play games with her grandchildren, and help her grandchildren with homework. (Tr. 24.) Therefore, the Court finds no merit to Plaintiff's argument that Defendant's final decision was inconsistent with the regulations.

Second, Plaintiff maintains that the ALJ was under a statutory duty to obtain a consultative mental examination of the claimant. In regard to mental impairments, 42 U.S.C. § 421(h) provides that

> [a]n initial determination . . . that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made *only* if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

(Emphasis added.)  Section 421(h) was enacted as part of the Social Security Disability Benefits Reform Act of 1984, PL 98-460, 1984 HR 3755.  The phrase "every reasonable effort" originated in the Senate version of the Act and modified the mandatory version proposed by the House.  H.R. Rep. No. 98-1039, at 34 (1984) (Conf. Rep.), *reprinted in* 1984 U.S.C.C.A.N. 3080, 3092.  This legislative history suggests that some discretion must be exercised in the decision whether to involve a psychiatrist or psychologist at the initial determination level.  Further, the Fourth Circuit has held that an ALJ "has discretion in deciding whether to order a consultative psychological evaluation." *Bishop v. Barnhart*, 78 Fed. Appx. 265, 268 (2003) (citing 20 C.F.R. §§ 404.1519a, 416.919a (2002)).  The court further stated that the "consultative examination is required when the evidence as a whole is insufficient to support a decision." *Id.*; *see also Moore v. Astrue*, No. 0:06-3514-HFF-BM, 2008 WL 216605 (D.S.C. Jan. 24, 2008) (finding that additional mental health consultations were not required when medical history included few consultations, which reflected mainly self-reported symptoms); *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989) (holding that a consultative mental examination was not required when evidence of mental impairment was minimal).

It is unnecessary to decide at this time the precise limits of the ALJ's discretion in declining to obtain a consultative mental examination.  Plaintiff bears the burden of production and proof of demonstrating the existence of a severe impairment. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Nevertheless, the ALJ must ensure that the record is developed fully and fairly. *Marsh v.*

*Harris*, 632 F.2d 296, 299 (4th Cir. 1980). The ALJ's final determination is conclusive if supported by substantial evidence. *Hailey v. Commissioner of Social Security*, 284 Fed. Appx. 100, 102 (4th Cir. 2008) (unpublished). Likewise, the ALJ's determination of how much evidence to gather should be respected if the record contains sufficient evidence to support an informed decision. *See Elbert v. Barnhart*, 335 F. Supp. 2d 892, 905-06 (E.D. Wis. 2004). Therefore, the ALJ may reasonably decline to obtain a consultative mental examination when there is insufficient evidence to indicate a possibility that a severe mental impairment exists.

In this case, Plaintiff failed to produce sufficient evidence to indicate that a severe mental impairment might exist. As the Magistrate noted, the record reveals that Plaintiff exhibited symptoms of major depression and possible chronic depression in September 2004. (Tr. 169-72.) After being prescribed an antidepressant, Plaintiff reported improvement in December 2004. (Tr. 166-68.) Plaintiff appears to have sought no other mental health treatment. Thus, the ALJ could reasonably conclude that Plaintiff's depression responded to basic treatment and therefore was not disabling; *see Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling").

The record is devoid of any other medical evidence concerning depression, which Plaintiff acknowledged at the hearing. (Tr. 311-12.) The only other potential indication of mental impairment was Plaintiff's testimony that, when depressed, she did not feel good, want to talk to anyone, or want go anywhere. (Tr. 305-6, 310.) In addition to this testimony, the ALJ considered Plaintiff's daily activities; her ability to function socially by attending church, shopping, playing Bingo twice a month, going to the beach, and caring for grandchildren; her concentration, persistence, and pace; and the existence of deterioration or decompensation. (Tr. 22.) On this

record, the ALJ could conclude that Plaintiff failed to present enough evidence to suggest a reasonable possibility that a severe impairment existed.

Furthermore, even the treating physician's statement, submitted as new evidence to the Appeals Council, failed to indicate that Plaintiff suffered significant limitation in concentration and attention to tasks as a result of mental disorder. (Tr. 282.) Nor does any evidence in the record seriously challenge the ALJ's final determination regarding the severity of Plaintiff's mental impairment. Therefore, the ALJ did not err in declining to obtain a consultative mental examination.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE